UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

WAYNE MANDERS,

Plaintiff,

v.

U.S. POSTAL SERVICE,
WM J. HENDERSON, and
BRIAN EGERSDORF,

Defendants.

Civil No. 00-226 (JRT/FLN)

**ORDER**

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff's pro se "Application To Proceed Without Prepayment of Fees" (Docket No. 2), by which he is seeking permission to proceed in forma pauperis ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). For the reasons stated below, the Court finds that Plaintiff's current complaint fails to state a claim on which relief can be granted, and he therefore cannot be granted IFP status at this time. However, Plaintiff will be given an opportunity to file an amended complaint, and if he does so within the time allowed by this order, his IFP application will then be reconsidered.

An IFP application will be denied and the action dismissed when a plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996)(per curiam).[1]

[1] Section 1915(e)(2) was enacted as part of the Prison Litigation Reform Act of 1995 (Pub.L. No. 104-134, 110 Stat. 1321 (1996)) ("the PLRA"). It replaces § 1915(d), which authorized the dismissal of an IFP complaint only if it was found to be "frivolous." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (holding that a complaint is "frivolous" and therefore subject to dismissal under § 1915(d) "where it lacks an arguable basis either in

FILED FEB 0 4 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

In this case, the substantive allegations of Plaintiff's self-styled pleading, set forth in their entirety, are as follows:

"An intentional false publication. A communication published with malice."

Even with the liberal construction that is required in pro se cases, (Atkinson, 91 F.3d. at 1129, citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(per curiam)), the complaint in this case fails to state a cause of action on which relief can be granted, because it does not adequately describe the factual basis for Plaintiff's claims. Although it is evident that Plaintiff is seeking relief for some type of alleged defamation, the complaint is deficient because it includes no historical facts describing (i) what was said or written about Plaintiff, (ii) who alleged spoke or wrote the allegedly defamatory statements, (iii) who allegedly heard or read the allegedly defamatory statements, or (iv) how the allegedly defamatory statements were injurious to Plaintiff. While Plaintiff is not required to plead all of the evidentiary facts supporting his claims for relief, his complaint must at least provide sufficient factual allegations so that the named Defendants can readily understand what they are accused of having done and why they are being sued.

Because of the absence of historical facts in Plaintiff's current complaint, the Court finds that it fails to state any cause of action on which relief can be granted. Therefore,

---

law or in fact"). Section 1915(e)(2), which is applicable to all cases filed after April 26, 1996, (the effective date of the PLRA), provides for dismissal of IFP cases not only where the complaint is "frivolous," (§ 1915(e)(2)(B)(i)), but also where it "fails to state a claim on which relief may be granted" (§ 1915(e)(2)(B)(ii)).

With the enactment of § 1915(e)(2)(B)(ii), it is no longer necessary for the Court to determine whether the instant complaint is "frivolous." Nevertheless, the Court notes that even under that old standard the instant complaint would be dismissed, as plaintiff has not made "any rational argument in law or fact entitling him to relief." Williams v. White, 897 F.2d 942, 944 (8th Cir. 1990).

his IFP application will not be granted at this time. However, Plaintiff will be permitted to file an amended complaint if he believes that he can plead sufficient specific factual allegations to support a cognizable claim. If Plaintiff elects to file an amended complaint, he must submit an entirely new pleading identified as "Amended Complaint," setting forth a more comprehensive description of the specific historical facts on which his claims are based. He must describe, in separate numbered paragraphs, exactly what happened to him, and why he believes Defendants should be held liable.

If Plaintiff elects to file an amended complaint, he must do so within twenty (20) days after the date of this Order. Upon receipt of an amended complaint, Plaintiff's IFP application will be reconsidered. If Plaintiff does not file an amended complaint within the time allowed, it will be recommended that the action be dismissed without prejudice pursuant to Fed.R.Civ.P. 41(b).

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees, (Docket No. 2), will not be granted at this time; and

2. Plaintiff shall be permitted to file an Amended Complaint within twenty (20) days after the date of this Order, failing which it will be recommended that the action be dismissed without prejudice pursuant to Fed.R.Civ.P. 41(b).

Dated: February 4, 2000

FRANKLIN L. NOEL
Chief Magistrate Judge

For Immediate Release
January 3, 2000

# PRESS RELEASE

UNITED STATES DISTRICT COURT

Contact: Francis E. Dosal, Clerk
(651) 848-1100

## FEDERAL COURT ADOPTS AMENDMENTS TO LOCAL PRACTICE RULES

The U.S. District Court for the District of Minnesota announces the adoption of several amendments to its local rules of practice. The changes were recommended by the Court's Local Rules Committee chaired by Minneapolis Attorney Cliff Greene of the law firm Greene Espel.

As required by federal statute, the proposed revisions were posted for public review and comment in late 1999. Following consideration of the comments received, the proposed rules were adopted unanimously by the Court to be effective January 3, 2000. The proposed amendments are as follows:

- **LR 5.1**
  Amendments to LR 5.1 and LR 5.2 regarding filing procedures.

- **LR 7.1(b)(2)**
  A new advisory committee's note regarding evidentiary materials submitted with reply briefs.

- **LR 16.1**
  Amendments in response to the requirements of the Alternative Dispute Resolution Act of 1998.

- **LR 83.13**
  New rule regarding the discipline of court appointees.

The amendments to the Local Rules may be obtained in the Office of the Clerk of Court in either St. Paul, Minneapolis or Duluth; by contacting the Clerk of Court at the address below; or online through the Update Service of Westlaw.

Francis E. Dosal, Clerk
U.S. District Court
708 Federal Building
316 North Robert Street
St. Paul, MN 55101
651-848-1100