**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

WAYNE F. MANDERS, Civil No. 00-226 (JRT/FLN)

Plaintiff,

v.

UNITED STATES POSTAL SERVICE,
WILLIAM J. HENDERSON, and
BRIAN EGERSDORF

Defendants.

**ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

---

Wayne Manders, 8011 Hidden Bay Trail, Lake Elmo, MN, 55042, plaintiff *pro se*.

Lonnie F. Bryan, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for defendants.

Plaintiff brings this defamation action against defendants Brian Egersdorf ("Egersdorf"), an employee of the United States Postal Service, the Postmaster General William J. Henderson ("Henderson"), and the United States Postal Service ("USPS"). Plaintiff alleges that Egersdorf damaged his reputation by including false and malicious statements in documentation needed to refer plaintiff for a Fitness for Duty Examination. Defendants argue that the United States should be substituted as party-defendant in this

DEC 2 6 2000
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTERED DEC 2 6 2000
DEPUTY CLERK'S INITIALS

case. Defendants argue further that the case must be dismissed with prejudice because plaintiff's claim is barred by sovereign immunity.

This matter is before the Court on plaintiff's objections to the Report and Recommendation of Chief United States Magistrate Judge Franklin L. Noel dated September 22, 2000, recommending that the Court grant defendants' motion to substitute the United States as defendant and that plaintiff's case be dismissed with prejudice. The Court has reviewed *de novo* plaintiff's objections pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.1(c)(2). For the reasons set forth below, the Court adopts the Report and Recommendation of the Magistrate Judge and grants defendants' motions to substitute the United States as party-defendant and to dismiss this case with prejudice.

**A. Defendants' Motion to Substitute the United States for Defendants**

Plaintiff objects to the Magistrate Judge's recommendation to substitute the United States for defendants Henderson and Egersdorf. First, plaintiff contends that Henderson should remain a defendant because Henderson sent a memo to all USPS employees detailing the type of respectful and courteous behavior USPS employees are expected to maintain. Based on this memo, plaintiff argues he is ultimately responsible when individual employees violate this code of professional behavior. Regardless of whether Egersdorf violated USPS standards of professional behavior, Henderson may not be sued in this case. According to *Kentucky v. Graham*, 473 U.S. 159 (1985), "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."

*Id.* at 166. Plaintiff has sued Henderson in his official capacity as Postmaster General and therefore he must sue the United States rather than Henderson.

Second, plaintiff contends that Egersdorf was not acting within the scope of his employment when he published information regarding plaintiff's alleged drug and gang connections because he was not plaintiff's supervisor at the time. Plaintiff also cites the fact that Egersdorf expedited his Fitness for Duty examination, and that Egersdorf allegedly attempted to hide the letter from plaintiff. However, even if these allegations were true, plaintiff has failed to overcome the rebuttable presumption created when the United States Attorney certified that Egersdorf was acting within the scope of his employment. *See Martinez v. DEA*, 111 F.3d 1148, 1153 (4th Cir. 1997).

Minnesota law governs the standard used to determine whether Egersdorf was acting within the scope of his official employment. *See Lawson v. United States*, 103 F.3d 59, 60 (8th Cir. 1996). Accordingly, plaintiff bears the burden of proving by a preponderance of the evidence that one of the following is not true: (1) the employee's conduct was not substantially within work-related limits of time and space; (2) the employee's conduct was not of a kind authorized by the employer or reasonably related to that employment; (3) the employer should not have foreseen the employee's conduct given the nature of the employment and the duties relating to it. *See* Minn. JIG 30.15. Because this is a negligence case, plaintiff may also rebut the presumption that Egersdorf was acting within his official duties by proving that his conduct was not at all motivated by his desire to further the interests of the USPS. *Id.*

Plaintiff concedes that Egersdorf's actions took place within work related limits of time and space. Furthermore, Egersdorf was required (and therefore authorized) to refer plaintiff for a Fitness for Duty examination. This situation is one in which there exists the potential for the inclusion of defamatory second-hand information. Therefore the USPS should have foreseen Egersdorf's conduct. Finally, the record indicates that Egersdorf's conduct was motivated, at least in part, by his desire to further the interests of the USPS. Accordingly, the United States should be substituted as defendant for Henderson and Egersdorf.[1]

**B. Defendants' Motion to Dismiss With Prejudice**

The Magistrate Judge properly concluded that plaintiff's defamation claim is barred by sovereign immunity. While the Federal Tort Claims Act ("FTCA") subjects the USPS and the United States to certain suits, sovereign immunity has not been waived with respect to claims "arising out of . . . libel and slander." 28 U.S.C. § 2680(h); see also Moessmer v. United States, 760 F.2d 236, 237-38 (8th Cir.1985) (dissemination-of-false-information/defamation claim falls within libel and slander exception to FTCA waiver of sovereign immunity). Therefore, plaintiff's case should be dismissed with prejudice.

[1] The Magistrate Judge also recommended that the United States be substituted for USPS. No objection has been raised and the Court accordingly adopts it.

**ORDER**

Based upon the files, records, and proceedings herein, the Court **OVERRULES** plaintiff's objections and **ADOPTS** the Magistrate Judge's Report and Recommendation [Docket No. 25]. **IT IS HEREBY ORDERED** that:

1. Defendants' motion to substitute the United States for defendants [Docket No. 11] is **GRANTED**; and

2. Defendants' motion to dismiss with prejudice [Docket No. 14] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: December 26, 2000
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*

Forms/8thcircuitprehearingconf.wpd

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

**DATE MAILED TO COUNSEL/PRO SE PARTIES:**

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

*This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.*

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.